UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
DEC 14 2010

**********************************************************************************

| | * | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 10-30054(02)-RAL |
| | * | |
| Plaintiff, | * | |
| | * | REPORT AND RECOMMENDATION |
| -vs- | * | FOR DISPOSITION OF DEFENDANT |
| | * | PTAN CLOWN'S MOTION TO DISMISS |
| PTAN CLOWN, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**********************************************************************************

## SUMMARY

Ptan Clown and Floyd Clown, Sr. are charged by Indictment with having conspired to distribute and possess with intent to distribute marijuana. The Indictment also charges them, as aiders and abettors, with having possessed with the intent to distribute marijuana. Ptan has filed a motion seeking to dismiss the aider and abettor charge on multiplicity grounds. He asserts that if convicted of both offenses, he could potentially receive multiple punishments for the same course of conduct. Because the Indictment does not transgress double jeopardy strictures or subject Ptan to prejudice that cannot be remedied before, during or after trial, the Court recommends that his dismissal motion be denied.

# FACTUAL BACKGROUND

Ptan and Floyd are charged as co-conspirators in Count I with having violated 21 U.S.C. §§846 and 841(a)(1) by "knowingly and intentionally distribut[ing] and possess[ing] with intent to distribute marijuana, a Schedule I controlled substance." In Count II, they are charged with having contravened §841(a)(1) and 18 U.S.C. §2 by aiding and abetting each other in the "knowing[ ] and intentional[ ] possess[ion] with intent to distribute marijuana." Floyd is likewise charged with four additional §841(a)(1) marijuana distribution charges in the same Indictment. He and Ptan have both pled not guilty to all charges. A jury trial is scheduled for January 11, 2011.

Ptan maintains that the elements of Count II, the aider and abettor offense, are a subset of the elements of the conspiracy offense charged in Count I; in other words, Count II does not require proof of a fact which Count I does not require. He argues further that if he is required to go to trial on the existing Indictment, he will be prejudiced because the jury will believe that he "committed several separate crimes."

# MULTIPLICITY/DOUBLE JEOPARDY CLAIM

"An indictment is multiplicitous if it charges the same crime in two counts.[1] "A multiplicitous indictment is impermissible 'because the jury can convict the defendant on both counts, subjecting [him] to two punishments for the same crime in violation of the

---

[1] *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005).

double-jeopardy clause of the fifth amendment.'"[2] The *Blockburger* test[3] is used "to determine whether two crimes are the same for double jeopardy purposes."[4] Under this test, "if each offense requires proof of an element not required by the other, the crimes are not considered the same, and a double jeopardy challenge necessarily fails."[5] The test focuses not on the evidence presented at trial, but rather, on the statutory elements of the offenses.[6] To properly analyze a multiplicity/double jeopardy claim, a court must "examine not only the statutory provisions at issue, but also the specific charges brought against the defendant in the indictment."[7]

In this case, Ptan is charged with conspiracy and aiding and abetting offenses. Conspiracy requires proof of an agreement while aiding and abetting does not.[8] Moreover, to obtain a conviction for aiding and abetting, the government must prove an element not

---

[2]*United States v. Sandstrom*, 594 F.3d 634, 651-52 (8th Cir.) (*quoting Chipps*, 410 F.3d at 447), *cert. denied*, 131 S.Ct. 192 (2010).

[3]*Blockburger v. United States*, 284 U.S. 299, 304 (1932).

[4]*Sandstrom*, 594 F.3d at 654 (*quoting United States v. Gamboa*, 439 F.3d 796, 809 (8th Cir. 2006), *cert. denied*, 549 U.S. 1042(2006)).

[5]*Sandstrom*, 594 F.3d at 654 (*quoting Blockburger*, 284 U.S. at 304).

[6]*Id.; see also Brown v. Ohio*, 432 U.S. 161, 166 (1977); *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975).

[7]*Sandstrom*, 594 F.3d at 654.

[8]*United States v. Arbelaez*, 812 F.2d 530, 533-34 (9th Cir. 1986); *compare* Model Criminal Jury Instructions for the Eighth Circuit, §6.21.846A *with* §§5.01, 5.02 (2009).

3

necessary to prove conspiracy: the existence of an overt act by the defendant.[9] This being the case, conspiracy and aiding and abetting are not the same, but instead, are separate offenses for double jeopardy purposes.[10]

Because Ptan can be punished for both the conspiracy and aiding and abetting offenses charged in Counts I and II of the Indictment, his multiplicity/double jeopardy claim must fail. And per force, so too must his motion insofar as it seeks to dismiss the latter of these two Counts based on this claim.

## PREJUDICE

Ptan secondarily claims that the multiplicitous Indictment will have a prejudicial effect upon the jury and suggest that he committed not one, but several crimes. This effect, he seemingly contends, will increase the likelihood of him being convicted of both of the charged offenses. He seeks, in the alternative, an order dismissing the aiding and abetting Count.

At the outset, the Indictment is *not* multiplicitous, or more importantly, violative of double jeopardy protections, as has already been shown. Turning to the merits of Ptan's

---

[9]*United States v. Shabani*, 513 U.S. 10, 15, 17 (1994); *United States v. Stott*, 245 F.3d 890, 905 (7th Cir.), *cert. denied*, 534 U.S. 1070 (2001); *compare* Model Criminal Jury Instructions, §6.21.846A *with* §§5.01, 5.02.

[10]*United States v. Santana*, 150 F.3d 860, 863-64 (8th Cir. 1998); *United States v. Thomas*, 971 F.2d 147, 149 (8th Cir. 1992), *cert. denied*, 510 U.S. 839 (1993); *see also United States v. Davis*, 300 Fed. Appx. 393, 398 (6th Cir. 2008); *United States v. Payan*, 992 F.2d 1387, 1392 & n.35 (5th Cir. 1993); *Arbelaez*, 812 F.2d at 534; *United States v. Meraz*, No. 06-CR-335, 2007 WL 3025823 at **1-3 (E. D. Wis. Oct. 15, 2007).

claim, it is sheer speculation to posit that the conspiracy and aiding and abetting charges themselves will in some manner taint the jury's deliberation and prejudice his ability to obtain a fair trial. Indeed, any risk of undue prejudice can be alleviated by well-crafted instructions requiring the jury to consider the charges separately.[11] Jurors, of course, are presumed to follow the instructions given to them[12] and proper instructions can ensure that the jury's verdict is based on the evidence, and not on the fact that he is charged with multiple offenses. And, any concerns he has about potentially cumulative or excessive punishment -- by reason of being convicted of both offenses -- can be properly addressed and remedied, if need be, after trial and at sentencing.

## CONCLUSION

Ptan's multiplicity/double jeopardy claim has no basis in law or fact. He was properly charged, in separate counts, with marijuana related conspiracy and aiding and abetting offenses. Requiring that he stand trial for these two offenses is neither constitutionally impermissible nor unfair. And, any prejudice he may suffer as a result of doing so, can be redressed through motions and rulings made later on, either in connection with the trial itself or afterward. Accordingly, the Court hereby

RECOMMENDS that Ptan's Motion to Dismiss Count II of the Indictment as Multiplicitous, found at Docket No. 42, be denied.

---

[11] *Chipps*, 410 F.3d at 449; *United States v. Roy*, 408 F.3d 484, 491-92 (8th Cir. 2005).

[12] *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

5

Dated this 14th day of December, 2010, at Pierre, South Dakota.

BY THE COURT:

/s/ Mark A. Moreno

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Failure to file written objections to this Report and Recommendation for Disposition within fourteen (14) days after service will bar an aggrieved party from attacking the Report and Recommendation before the assigned United States District Judge.[13]

---

[13] See 28 U.S.C. § 636(b)(1).